JSLKU, J.
' (Swing P. J., concurs, Giffen, J., dissents.) Christian B. O’Dell died in March, 1889, leaving a will dated February 19, 1883. This is an .action to construe that will. Answers to all the queries propounded in the petition depend upon and flow from the construction put upon item third of said will. Items two and three are as follows:
“Second. J give and bequeath to my wife Susan O’Dell' all rriy property Tooth real and personal to have and to hold the same for her use and benefit during" her natural life or so long as she remains my widow. <
“Third. At the death of my wife Susan O’Dell, for whom I desire a decent and respectful burial and tombstone or monument placed at her grave such as hereinafter provided for myself to be paid for out of my property or the proceeds arising from said property. I desire all my property, both personal and real to be sold and the proceeds arising therefrom equally divided among the following persons or their legal representatives, being eleven divisions, as follows:
. " Heirs of Issac B O’Dell or their legal representatives, Widows PI. O’Dell or his legal representatives, John M. O’Dell or his legal representatives, heirs of Jacob N. O’Dell, deceased, or their legal representatives, Elizabeth Alloways or her legal' representatives, Melinda Surface or her legal representatives,. Thomas Jeffrey or his legal representatives, Christian B, Clein *201 herm and Christian B. Humbert "or their representatives.”"
The cardinal question is, when do the legacies given to the-eleven legatees “or their legal representatives” vest; at the death of the testator or on the termination of the life estate at the death of Susan O’Dell.
The answer to this question depends upon the meaning given to the words “or legal representatives.” If these words ■ are given their primary and ordinary legal meaning of “executors or administrators” as words of limitation, then these legacies vested at the death of the testator. On the other hand if these words are given their secondary meaning of “next of kin" as words of substitution, then these legacies did not vest until the death of Susan O’Dell which terminated the life estate.
ViceChancellor Kindersley said in Re Crawford’s Trusts,. 2 Drewry’s Rep. 233, (1854) :
“There is, however, one rule of' construction, of universal application, which admits of no exception, and which ought never, under any circumstances, to be departed from, viz., that, if any term is used by a testator which has a primary or ordinary legal meaning, that is the sense in which it ought to be construed, unless the court is reasonably satisfied, by evidence to be .collected from the will itself, of the testator’s intention-to use it, not in that sense, but in some different sense.”
“In construing a will, the ordinary meaning of executors- and administrators, that is, as I take it, words of limitation, will be given ‘legal representatives’-unless the will shows the intention of the testator to give them some other meaning, and-the fact that the gift is immediate is held to afford sufficient evidence of the testator’s intention to use the term in a different sense; but if the gift is to take effect after a life estate, it is held that the will does not afford evidence of the testator’s' intention to use the term otherwise than in its ordinary sense.”
And on pages 244 and 245, the Vice Chancellor contrasts Bridge v. Abbott, (3 B. C. C., 244), and Corbyn v. French, (4 Vesey, Jr., *418) and points out the distinguishing and! controlling feature of such bequests as that here under consideration, viz., that the gift to the legatees does not take effect-until after a life estate.
*202 The earlier and leading case observing this distinction and establishing this construction is the case of Corbyn v. French, (1799), 4 Vesey, J., 418, in which on page 433, Sir R. P. Arden, M. R., said:
“Another point arising upon this will is as to the legacies given by the testator to the children of his sister Elizabeth, or their representatives or representative. One of those children died in the life of th testator. Another survived the testator, but died in the life of his widow. The question is whether they are vested, and transmissible to the representatives. I •am very clearly of opinion, the legacy to Christopher Baker is good. This is strongér than the common case of a legacy to A and his representatives. There those words are surplus-age; for if the legatee dies before the day of payment, it would go to his representatives. But in this case there is a reason for inserting them. This is not an immediate legacy, but after the death of another person. There is therefore an interval in which the legatee might die; and though it vested, he might not live to receive' it. That addition might be inserted to put it out of doubt; and must mean, ‘in case they die in the life ■of the testator’s wife.’ I desire to be understood to determine it upon that circumstance, that there is a life intervening.”
In Price v. Strange, 6 Haddock’s Rep., 163 (1820), Sir J. Reach, V. C., said:
“It is a sound rule of construction to understand words in .their ordinary sense, unless controlled by a different intention appearing upon the whole instrument. The ordinary sense .of legal representatives, is ‘executors and administrators;’ and reading the words in that sense, in the first passage, makes it ■equivalent to a direction to pay the produce of the estate at the 'death of the widow to the children, their executors or administrators, or, in other words, gives a vested interest to the children ; and the question, is whether this ordinary sense is controlled by a different intention appearing upon the whole instrument.”
in the matter of Porter’s Trust (1.858), 4 Kay & Johnson’s Reports, 188, Vice Chancellor Sir W. Page Wood, said on •page 197:
“I should follow most strictly the authorities of Corbyn v. *203 French, and Tidwell v. Ariel, to this extent, that where there is a bequest to A for life, and, after his decease, to B or ‘his executors’, or to B ‘or his personal representatives’, or a bequest to B to be paid so many months after the testator’s decease to him ‘or to his personal representatives’, it is simply another way of giving a vested interest to B upon the testator’s own death, and if B die before the testator, the bequest shall lapse.”'
Jarman on Wills, Vol., i, 6 Ed., pages 121 and 122 and notes, and pages 706 and 707.
Also see In re Turner, 2 Drew & Small’s 501, (1865); Hinchliffe v. Westwood, 2 DeGex & Small’s 216 (1848); In Re Henderson, 28 Bevan’s Rep., 656, (1860); In Re Ware, 45 Chancery Div., 269 (1890).
Giving the words “or their legal representatives” this meaning of executors or administrators as words of limitation we are then brought within the doctrine laid down in the cases of Bolton v. Bank, 50 Ohio St., 290; Linton v. Laycock, 33 Ohio St., 128; Brasher v. Marsh, 15 Ohio St., 103; Faulkner v. Clevenger, 35 W. L. B., 125, 54 Ohio St., 637.
But it is contended that where the disjunctive “or” is used in gifts of personalty, the words following are words of substitution and synonymous with next of kin.
Jarman on Wills, on page 707, says, referring to the English cases cited above:
“It is proper to remind the reader, in connection with the three last cases, that in several instances the words “representatives” and ‘heirs’, when applied to personalty, have been held to be synonymous with ‘next of kin’ ; but perhaps ihis does not much weaken the special ground to which these cases have been referred
In re Porter’s Trust, supra, involved a gift of personalty and the words used were “or personal representatives.” Corbyn v. French, supra, was a bequest of the residue to B “or to the proper representative.” In re Crawford’s Trust, supra, was a legacy of “funds” -to certain persons “or their representatives.”
This contention certainly is not the rule in Ohio. In Ohio' the same construction is followed in gifts of personalty as in devises of realty. The supreme court per Day, J., said in Linton v. Laycock, 33 Ohio St., on page 135:
*204 ‘Moreover, there does not appear to have been any intent to postpone the right of his children to an immediate title to the estate, but the postponement of possession was merely to let in an intermediate estate for a term of years to the testator’s wife, which was not inconsistent with a vested right of the children in the remainder. Bequests of personalty of this . character vest immediately, and on the death of the legatee, . during the intermediate estate, pass to their representativesF
Citing Hawkins on Wills, *232:
“Rule. A bequest in the form of a direction to, pay, or to pay and divide, at a future period, vests immediately, if .the payment be postponed for the convenience of the estate, or to let in some other interest.”
It is objected that Linton v. Laycock, Bolton v. Bank and Brasher v. Marsh involved realty, but this cannot be said of the case of Faulkner v. Clevenger. The will in that case provided:
“item first. I hereby give and bequeath to my daughter, . Sarah E. Hemelwright, during her natural life the fifty acres of land that I bought of Isaiah M. Stout; also the two acres which I bought of James Martin, and at her death the above described lands to be sold, and the proceeds thereof divided between my son, John E. Hemelwright, and my daughter Margaret C. Millikan or their heirs.”
And in construing' this clause the doctrine of Bolton v. Bank, Linton v. Laycock and Brasher v. Marsh was followed. If item first of that will instead of ending with the words “or their heirs” ended with the words “or their legal representatives” the will would be identical with the will of Christian B. O’Dell in the case at bar. The case of Faulkner v. Clevenger is controlling upon us. and under it we are compelled to apply the same rule of. sonstruction, notwithstanding the disjunctive ' “or”, in a gift of personalty we would apply were a devise of realty involved.
We are thus brought to the conclusion that the words “or their legal representatives” in the will under consideration are words of limitation, and that each of the eleven legatees at the death of the testator Christian'B. O’Dell took a vested interest. • *
The cases of Richey v. Johnson, 30 Ohio St., 288; Hamilton v. Rodgers, 38 Ohio St., 242; and Sinton v. Boyd, 19 Ohio St., *205 30, are all clearly distinguishable. The will in each of these cases contained internal evidence ‘of the testator’s intention that the interest should not vest until the termination of the life • estate. The same can be said of the case of Bank v. Darr, 19 C. C., 497.
As to the case of the interest of the legatee who died before the testator, a natural sequence or corollary to the rule we have adopted above would lead us to say that such legacy lapsed by the death of the legatee, were it not for the provision ■ of Revised Statutes, 5971:
“When a devise of real or personal estate is made to any child or other relative of the testator, if such child or other relative shall have been dead at the time of the making of the will, or shall die thereafter, leaving issue surviving the testator, in either case such issue shall take the estate devised in the same manner as the devisee would have done, if he had survived the testator.”
Under this provision the legacy given to a legatee who has died before the testator, passes to the children or grand- ■ children of such legatee.
GiíTEN, J.
No bequest is made directly to the legatees, but the gift consists in the direction to divide and pay at the temination of the ' life estate, and does not vest before that time unless the words “or their legal representatives” were intended to denote the quantity of the estate given.
Their primary signification is that of .executors or adminis • trators which are apt words to express the quantity of the estate. When however it is uncertain whether the legatees named will survive the period of distribution they are used to designate the persons who are' to take by way of substitution. In the will before us the testator directs .that the proceeds of sale shall be divided into eleven shares and paid to as many legatees or their legal representatives, designating each by name or a class. He anticipated that some of this number would not survive the life tenant; arid' to provide for such contingency he used the words “or their legal representatives” not as meaning executors or administrators, for if the estate ■ vested at the death of the testator it, being personalty, it would *206 go to them without being designated, but rather as denoting' a new class of beneficiaries. This is the common and ordinary meaning of the words as used in our statutes of descent .and distribution, which the testator is presumed to know.
The case Linton v. Laycock, 33 Ohio St., 128, and that of’ Faulkner v. Clevenger, 35 W. L. B., 125, are relied upon as controlling this case; but in each of those cases the words employed are “or their heirs,” and were construed to be words, of limitation. I submit that the disjunctive “or” suggests ordinarily the idea of substitution, and that the construction there given rests wholly upon the well settled though technical meaning of the word “heirs” as importing inheritance or succession. The case of Linton v. Laycock as well as Brasher v. Marsh, 15 Ohio St., 103, in each of which the words “or their heirs” are construed as words of limitation relates to a-devise of real estate.
In the leading case of Corbyn v. French, 4 Vesey 418, the bequest was to A for life and at his death to B or his representatives, and it was held to vest in B at the death of the testator; but that case is distinguished from the one before-us in that the bequest was made to a beneficiary named, whereas-this was a gift by direction to divide and pay.
In Richey v. Johnson, 30 Ohio St., 288, Scott J., says: “Here the direction for division is the only gift. The division is not to be made till after the happening of a future event and it is to be made between persons then living. Not only was the time of payment contingent, depending on the widow's death, but the gift itself was contingent, depending on thesurvivorship of the presumptive legatees. Should any of them not survive, the testator distinctly designates who shall take-their shares, and become his legatees.”